UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY LEE HILL,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CDCR, et al.,<br><br>　　　　Defendants. | 1:14-cv-00002-LJO-GSA-PC<br><br>ORDER GRANTING MOTION TO AMEND<br>(Doc. 16.)<br><br>ORDER DIRECTING CLERK TO FILE SECOND AMENDED COMPLAINT LODGED ON FEBRUARY 3, 2014<br>(Doc. 17.) |

**I.　　BACKGROUND**

　　　Tony Lee Hill ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on January 2, 2014.  (Doc. 1.)

　　　On January 8, 2014, Plaintiff filed a request to add supplemental information to the original Complaint.  (Doc. 6.)  On January 13, 2014, the court issued an order informing Plaintiff that he is permitted to file an amended complaint once as a matter of course pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.  (Doc. 8.)  Plaintiff was granted thirty days in which to amend the Complaint.  Id.  On January 21, 2014, Plaintiff filed the First Amended Complaint.  (Doc. 14.)

　　　On February 3, 2014, Plaintiff filed a motion to amend and lodged a proposed Second Amended Complaint.  (Doc. 16.)  Plaintiff's motion for leave to amend is now before the court.

## II.     LEAVE TO AMEND – RULE 15(a)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a).  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Id.  Here, because Plaintiff has already amended the complaint once, Plaintiff requires leave of court to file a Second Amended Complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  Id.  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'"  Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

### Plaintiff's Motion

Plaintiff requests leave to file a Second Amended Complaint to add defendants. Plaintiff explains that he recently discovered, with assistance, what should be included in the complaint.  Plaintiff has lodged a proposed Second Amended Complaint for the court's review.

### Discussion

Plaintiff's First Amended Complaint arises from events beginning on September 27, 2013, in which Plaintiff alleges that false disciplinary charges were brought against him, resulting in a loss of good time credits and Plaintiff's voluntary detention in administrative segregation for his protection.  Plaintiff alleges that he was subject to adverse conditions of confinement in administrative segregation, and he experienced difficulties processing inmate appeals.  Plaintiff names four defendants in the First Amended Complaint.

The proposed Second Amended Complaint arises from the same events documented in the First Amended Complaint. Plaintiff adds four defendants to the Second Amended Complaint "who are directly related in the case." (Proposed 2d Amd Cmp, Doc. 17 at 3 ¶IV.)

In light of the fact that Plaintiff submitted the proposed Second Amended Complaint only thirteen days after he filed the First Amended Complaint, the court finds no undue delay or prejudice to defendants in allowing the amendment. Plaintiff seeks to add defendants who participated in the events at issue in this case. Therefore, the court finds no evidence of bad faith by Plaintiff or futility in allowing the amendment. Accordingly, Plaintiff's motion to amend shall be granted, and the Second Amended Complaint shall be filed.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend, filed on February 3, 2014, is GRANTED; and
2. The Clerk is directed to file the proposed Second Amended Complaint which was lodged on February 3, 2014.

IT IS SO ORDERED.

Dated: **February 5, 2014**  **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE