UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY LEE HILL,<br><br>            Plaintiff,<br><br>       vs.<br><br>CDCR, et al.,<br><br>            Defendants. | 1:14-cv-00002-LJO-GSA-PC<br><br>ORDER DENYING MOTION FOR CHANGE OF VENUE<br>(Doc. 6.)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR TRANSFER AND FOR COURT TO OBTAIN VIDEO<br>(Docs. 3, 12, 18.) |

**I.      BACKGROUND**

Tony Lee Hill ("Plaintiff") is a state prisoner in the custody of the California Department of Corrections and Rehabilitation (CDCR), proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on January 2, 2014. (Doc. 1.) On January 21, 2014, Plaintiff filed the First Amended Complaint. (Doc. 14.) On February 3, 2014, Plaintiff filed a motion for leave to amend the complaint. (Doc. 16.) The court granted Plaintiff's motion, and the Second Amended Complaint was filed on February 3, 2014. (Docs. 19, 20.) The Second Amended Complaint awaits the court's requisite screening under 28 U.S.C. § 1915A. No other parties have made an appearance.

On February 13, 2014, Plaintiff filed a motion for change of venue, or in the alternative, for the court to grant his pending motions for transfer and for the court to obtain a video from prison officials. (Doc. 21.)

## II. PLAINTIFF'S MOTION

Plaintiff brings a motion for change of venue from the Eastern District of California to another district. Plaintiff argues that he "do[es] not believe that this court serves [his] best interest in seeking justice in this matter," based on the fact that the Court has not yet ruled on his pending motions. Plaintiff also complains that this Court did not return a copy of his motion for injunctive relief to him, without explanation.

In the alternative, Plaintiff requests that the court grant his pending motions, in which he requests immediate transfer to another state prison, and requests the court to obtain a copy of a video from prison officials. Plaintiff alleges that his safety is at risk at WSP because prison officials are presently retaliating against him by poisoning his food.

### A. <u>Change of Venue</u>

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). "Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district." 28 U.S.C. §1404(b). "A district court may order any civil action to be tried at any place within the division in which it is pending." 28 U.S.C. §1404(c).

### *Discussion*

Plaintiff's claims in the Second Amended Complaint, brought pursuant to 42 U.S.C. § 1983, stem from events that occurred at Wasco Prison ("WSP") in Wasco, California, where Plaintiff is presently incarcerated, and all of the defendants named in Plaintiff's Second

Amended Complaint were employed at WSP or for the CDCR in Sacramento, California, at the time of the events at issue. Because all of the defendants reside in the Eastern District, and all of the events giving rise to Plaintiff's claim occurred in the Eastern District, venue for this action is proper only in the Eastern District, and the action could not have been brought in any other district. Therefore, the Court may not transfer this action to another district. Moreover, Plaintiff's arguments that venue should be changed because the Court has not resolved his pending motions or provided him with copy work, are without merit. For these reasons, Plaintiff's motion for change of venue shall be denied.

### B. Motions for Transfer and for the Court to Obtain Copy of Video

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

*Discussion*

Plaintiff requests to be transferred to another prison to protect him from present and future acts of retaliation. The Court lacks jurisdiction to issue an order requiring prison officials to transfer him based on retaliatory acts occurring after this action was filed, because the Court does not have such a case or controversy before it in this action. Moreover, because none of the defendants have appeared in this action, the Court does not have jurisdiction to issue an order requiring them to transfer Plaintiff or provide a video to the court.

///

///

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for change of venue, filed on February 13, 2014 is DENIED; and

2. Plaintiff's motions for transfer and for the court to obtain a video from prison officials, filed on January 2, 2014, January 21, 2014, and February 3, 2014, are DENIED for lack of jurisdiction.

IT IS SO ORDERED.

Dated: **February 14, 2014**             **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE