UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY LEE HILL, | 1:14-cv-00002-LJO-GSA-PC |
| Plaintiff, | ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS UNDER 28 U.S.C. § 1915(g) |
| vs. | |
| CDCR, et al., | ORDER VACATING ORDER OF JANUARY 10, 2014 |
| Defendants. | (Doc. 6.) |
| | ORDER REQUIRING PLAINTIFF TO PAY $400.00 FILING FEE IN FULL WITHIN THIRTY DAYS OR THIS CASE WILL BE DISMISSED |
| | ORDER FOR CLERK TO SERVE THIS ORDER ON CDCR AND FINANCIAL DEPARTMENT |

**I.     BACKGROUND**

Tony Lee Hill ("Plaintiff") is a state prisoner in the custody of the California Department of Corrections and Rehabilitation (CDCR), proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on January 2, 2014. (Doc. 1.)

On January 8, 2014, Plaintiff filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (Doc. 5.) On January 10, 2014, the court granted Plaintiff leave to proceed in forma pauperis. (Doc. 7.)

**II.    THREE-STRIKES PROVISION OF 28 U.S.C. § 1915**

28 U.S.C. § 1915 governs proceedings in forma pauperis. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3

or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**Discussion**

A review of the actions filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff was, at the time the Complaint was filed, under imminent danger of serious physical injury.[1]

The Court has reviewed Plaintiff's Complaint and finds that Plaintiff does not meet the imminent danger exception. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). Plaintiff's Complaint arises from events beginning on September 25, 2013, in which Plaintiff alleges that false disciplinary charges were brought against him, resulting in a loss of good time credits and Plaintiff's voluntary detention in administrative segregation for his protection. Plaintiff alleges that defendants have served him reduced portions of food, rotten fruit, and bread bitten by a rodent; denied him adequate access to the law library; denied him his magazines; denied him TV access; denied him hot water in his cell; subjected him to cold air vents in winter; and improperly processed his inmate appeals. Plaintiff fails to allege specific facts in the Complaint indicating he was under imminent danger at the time he filed the Complaint. Based on the foregoing, the court finds that Plaintiff fails to allege the imminent danger of serious physical injury necessary to bypass § 1915(g)'s restriction on his filing suit without prepayment of the filing fee.

Accordingly, Plaintiff may not proceed in forma pauperis in this action, and must submit the appropriate filing fee in order to proceed with this action. Plaintiff's in forma

---

[1] The Court takes judicial notice of the following cases which count as strikes: 1) Hill v. Williams, et al., 2:98-cv-07173-LGB-CT (C.D. Cal.) (dismissed September 15, 1998 for failure to state a claim); 2) Hill v. Wallace, et al., 2:99-cv-06406-ABC-CT (C.D. Cal.) (dismissed July 7, 1999 for failure to state a claim; (3) Hill v. Torrance Police Dept., et al., 2:11-cv-08794-UA-CW (C.D. Cal.) (dismissed July 20, 2012 for failure to state a claim); and (4) Hill v. Horton, et al., 2:13-cv-00805-UA-CW (C.D. Cal.) (dismissed February 28, 2013 for failure to state a claim.

pauperis status shall be revoked, and Plaintiff shall be required to pay the $400.00 filing fee in full within thirty days.[2]

**III.   CONCLUSION**

Based on the foregoing, it is HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's in forma pauperis status is REVOKED;
2. The court's order entered on January 10, 2014, which granted Plaintiff leave to proceed in forma pauperis and directed the CDCR to make payments for the filing fee from Plaintiff's prison trust account, is VACATED;
3. Plaintiff is required to pay the $400.00 filing fee for this action in full within thirty days of the date of service of this order;
4. Plaintiff's failure to pay the filing fee pursuant to this order shall result in the dismissal of this case; and
5. The Clerk is directed to serve a copy of this order on:
   (1) the Director of the CDCR, via the court's electronic case filing system (CM/ECF), and
   (2) the Financial Department, U.S. District Court, Eastern District of California, Fresno Division.

IT IS SO ORDERED.

Dated:   **March 5, 2014**            **/s/ Lawrence J. O'Neill**
                                      UNITED STATES DISTRICT JUDGE

---

[2] To date, the court has not received any payment for Plaintiff's filing fee in this case. (Court Financial Records.) The filing fee for this action is $350.00 plus a $50.00 administrative fee. 28 U.S.C. § 1914. The $50.00 administrative fee does not apply to persons granted in forma pauperis status. Id. Therefore, Plaintiff now owes a $400.00 filing fee.