UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY LEE HILL,<br><br>        Plaintiff,<br><br>    vs.<br><br>CDCR, et al.,<br><br>        Defendants. | 1:14-cv-00002-LJO-GSA-PC<br><br>ORDER DENYING MOTION FOR CHANGE OF VENUE<br>(Doc. 32.) |

**I.    BACKGROUND**

Tony Lee Hill ("Plaintiff") is a state prisoner in the custody of the California Department of Corrections and Rehabilitation (CDCR), proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on January 2, 2014.  (Doc. 1.)  On January 21, 2014, Plaintiff filed the First Amended Complaint.  (Doc. 14.)  On February 3, 2014, Plaintiff filed a motion for leave to amend the complaint.  (Doc. 16.)  The court granted Plaintiff's motion, and the Second Amended Complaint was filed on February 3, 2014.  (Docs. 19, 20.)  On March 3, 2014 and March 10, 2014, Plaintiff filed motions to amend the complaint, which are pending.  (Docs. 24, 27.)  On March 6, 2014, the court issued an order revoking Plaintiff's in forma pauperis status under 28 U.S.C. § 1915(g) and ordered Plaintiff to pay the $400.00 filing fee for this action in full within thirty days.  (Doc. 26.)

On March 21, 2014, Plaintiff filed a motion for a change of venue, which is now before the court. (Doc. 32.)

## II. PLAINTIFF'S MOTION

Plaintiff brings a motion for change of venue from the Eastern District of California to another district, "due to this Court's Order Revoking IFP Status on Plaintiff." (Motion, Doc. 32 at 1.) Plaintiff argues that he is in imminent danger and threatened by the defendants. Plaintiff also asserts that he is unable to pay the filing fee for this action pursuant to the court's order of March 6, 2014, because he is presently confined in the Security Housing Unit and does not have a job.

### A. Change of Venue

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). "Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district." 28 U.S.C. §1404(b). "A district court may order any civil action to be tried at any place within the division in which it is pending." 28 U.S.C. §1404(c).

### *Discussion*

Plaintiff's claims in the Second Amended Complaint, brought pursuant to 42 U.S.C. § 1983, stem from events that occurred at Wasco Prison ("WSP") in Wasco, California, where Plaintiff is presently incarcerated, and all of the defendants named in Plaintiff's Second Amended Complaint were employed at WSP or for the CDCR in Sacramento, California, at the

time of the events at issue. Because all of the defendants reside in the Eastern District, and all of the events giving rise to Plaintiff's claim occurred in the Eastern District, venue for this action is proper only in the Eastern District, and the action could not have been brought in any other district. Therefore, the Court may not transfer this action to another district. Moreover, Plaintiff's arguments that venue should be changed because he is in imminent danger or cannot pay the filing fee are without merit. For these reasons, Plaintiff's motion for change of venue shall be denied.

### III.    CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for change of venue, filed on March 21, 2014, is DENIED.

IT IS SO ORDERED.

Dated:    **March 24, 2014**                     **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE