UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY LEE HILL, | 1:14-cv-00002-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| vs. | (Doc. 33.) |
| CDCR, et al., | |
| Defendants. | |

## I.    BACKGROUND

Tony Lee Hill ("Plaintiff") is a state prisoner in the custody of the California Department of Corrections and Rehabilitation (CDCR), proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on January 2, 2014.  (Doc. 1.)  On January 21, 2014, Plaintiff filed the First Amended Complaint.  (Doc. 14.)  On February 3, 2014, Plaintiff filed a motion for leave to amend the complaint.  (Doc. 16.)   The court granted Plaintiff's motion, and the Second Amended Complaint was filed on February 3, 2014.  (Docs. 19, 20.)  On March 3, 2014 and March 10, 2014, Plaintiff filed motions to amend the complaint, which are pending.  (Docs. 24, 27.)  On March 6, 2014, the court issued an order revoking Plaintiff's in forma pauperis status under 28 U.S.C. § 1915(g) and ordered Plaintiff to pay the $400.00 filing fee for this action in full within thirty days.  (Doc. 26.)

On March 21, 2014, Plaintiff filed a motion for reconsideration of the court's March 6, 2014 order. (Doc. 33.) Plaintiff's motion for reconsideration is now before the court.

**II.    MOTION FOR RECONSIDERATION**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

*Discussion*

Plaintiff disagrees with the court's finding in the March 6, 2014 order finding that he was not in imminent danger at the time he filed this action. Plaintiff argues that his life is presently in danger because Correctional Officer Barajas, who tampered with Plaintiff's food for over five months, is now working in the gun tower outside of the building where Plaintiff is

housed.  Plaintiff argues that his complaint alleges that "defendants have served him reduced portions of food, rotten fruit, and bread bitten by a rodent," and food tampering can lead to something else more dangerous.  (Doc. 33 at 2:1-9.)

Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  Therefore, Plaintiff's motion for reconsideration shall be denied.

### III.    CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on March 21, 2014, is DENIED.

IT IS SO ORDERED.

Dated:   **March 24, 2014**               **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE